1  Michael C. Ormsby
   United States Attorney
2  Eastern District of Washington
   Gregory M. Shogren
3  Assistant United States Attorney
   402 E. Yakima Ave, Suite 210
4  Yakima, WA 98901
   Telephone:  (509) 454-4425

ORIGINAL

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 25 2012

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-10-6069-RMP-001 |
| Plaintiff, | ) | |
| vs. | ) | Plea Agreement |
| JAMES GERALD GARZA, | ) | |
| Defendant. | ) | |

Plaintiff United States of America, by and through Michael C. Ormsby, United States Attorney, and Gregory M. Shogren, Assistant United States Attorney, for the Eastern District of Washington, and Defendant, JAMES GERALD GARZA, and the Defendant's counsel, Nicholas Marchi, agree to the following Plea Agreement:

1.    <u>Guilty Plea and Maximum Statutory Penalties</u>:

The Defendant agrees to plead guilty to Count 2 of the Indictment filed on August 10, 2010, charging the Defendant with Possession with Intent to Distribute 5 grams or more of a schedule II Controlled Substance, methamphetamine actual, in violation of 21 U.S.C. § 841(a)(1).

The Defendant understands that the statutory penalties for Possession with Intent to Distribute 5 or more grams of methamphetamine actual, in violation of 21

PLEA AGREEMENT - 1

1 | U.S.C. § 841(a)(1), as to Count 2 of the Indictment, is a mandatory minimum term

2 | of imprisonment of 10 years, a maximum of life, a fine of $5,000,000, or both fine

3 | and imprisonment, 8 years of supervised release, and a $100 special assessment.

4 |      The Defendant understands that a violation of a condition of supervised

5 | release carries an additional penalty of re-imprisonment for all or part of the term

6 | of supervised release without credit for time previously served on post-release

7 | supervision.

8 |      2.    Denial of Federal Benefits:

9 |      The Defendant understands that by entering this plea of guilty the Defendant

10 | is no longer eligible for assistance under any state program funded under part A of

11 | title IV of the Social Security Act (concerning Temporary Assistance for Needy

12 | Families) or benefits under the food stamp program or any state program carried

13 | out under the Food Stamp Act.  21 U.S.C. § 862a.  Further, the Court may deny the

14 | Defendant's eligibility to any grant, contract, loan, professional license, or

15 | commercial license provided by an agency of the United States or by appropriated

16 | funds of the United States.  21 U.S.C. § 862.

17 |      3.    The Court is Not a Party to the Agreement:

18 |      The Court is not a party to this Plea Agreement and may accept or reject this

19 | Plea Agreement.  Sentencing is a matter that is solely within the discretion of the

20 | Court.  The Defendant understands that the Court is under no obligation to accept

21 | any recommendations made by the United States and/or by the Defendant; that the

22 | Court may obtain an independent report and sentencing recommendation from the

23 | U.S. Probation Office; and that the Court may, in its discretion, impose any

24 | sentence it deems appropriate up to the statutory maximums stated in this Plea

25 | Agreement.

26 |      The Defendant acknowledges that no promises of any type have been made

27 | to the Defendant with respect to the sentence the Court will impose in this matter.

28 | The Defendant understands that the Court is required to consider the advisory

PLEA AGREEMENT - 2

1  sentencing guideline range, but may depart upward or downward under the
2  appropriate circumstances.
3          The Defendant also understands that should the sentencing judge decide not
4  to accept any of the parties' recommendations, that decision is **not a basis for the**
5  **Defendant to withdraw from this Plea Agreement and is not a basis for**
6  **withdrawing the plea of guilty.**
7          4.    Waiver of Constitutional Rights:
8          The Defendant understands that by entering this plea of guilty the Defendant
9  is knowingly and voluntarily waiving certain constitutional rights, including:
10                 (a).    The right to a jury trial;
11                 (b).    The right to see, hear and question the witnesses;
12                 (c).    The right to remain silent at trial;
13                 (d).    The right to testify at trial; and
14                 (e).    The right to compel witnesses to testify.
15         While the Defendant is waiving certain constitutional rights, the Defendant
16  understands the Defendant retains the right to be assisted through the sentencing
17  and any direct appeal of the conviction and sentence by an attorney, who will be
18  appointed at no cost if the Defendant cannot afford to hire an attorney.
19         5.    Elements of the Offense:
20         The United States and the Defendant agree that in order to convict the
21  Defendant of Possession with Intent to Distribute a Controlled Substance, in
22  violation of 21 U.S.C. § 841(a)(1), as charged in Count 2, the United States must
23  prove beyond a reasonable doubt the following elements:
24         Count 2:
25                 First, on or about July 8, 2010 as charged in the Indictment, the
26                 defendant did knowingly possess 5 grams or more of
27
28

PLEA AGREEMENT - 3

1    methamphetamine actual, a Schedule II controlled substance; and

2    second, he did so with the intent to distribute it to another person.

3    Ninth Circuit Pattern Jury Instructions (2010) 9.15

4    6.    Factual Basis and Statement of Facts:

5    The United States submits that the following facts are accurate; that the

6    United States could prove these facts beyond a reasonable doubt at trial; and these

7    facts constitute an adequate factual basis for the Defendant's guilty plea:

8    Defendant sold small quantities of heroin to a confidential informant (CI)

9    who was under the supervision of the Tri-Cities Metro Drug Task Force on several

10    occasions beginning on March 18 through June 17, 2010.  This occurred in the

11    Eastern District of Washington.  Defendant was arrested on July 8 in Kennewick as

12    he prepared to sell more heroin to the CI.  Defendant was found to be in possession

13    of approximately twenty-four grams of heroin and 25.4 grams of methamphetamine

14    actual. The defendant confessed, post Miranda, that he was involved in the

15    distribution of heroin and methamphetamine actual, or "crystal meth." The

16    defendant admitted that the heroin and methamphetamine actual in his possession

17    on July 8 were his. He said that he did not use drugs, rather he was in the business

18    of selling drugs. The defendant has three prior convictions for the distribution of

19    controlled substances and the United States has filed an information alleging the

20    three prior drug trafficking convictions. The defendant was on work release from a

21    prior conviction at the time he was arrested.

22    The controlled substances were analyzed by the regional DEA laboratory in

23    San Francisco, California and by the Washington State Patrol laboratory in

24    Kennewick, where the substances were confirmed to be heroin and

25    methamphetamine actual.

26

27

28

PLEA AGREEMENT - 4

7.   The United States Agrees:

Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment, unless the Defendant breaches this Plea Agreement any time before or after sentencing.

Dismissal of Charge:

The United States agrees to move to dismiss Count 1 of the Indictment, which charges Possession with Intent to Distribute 100 grams or more of a mixture of substance containing a detectable amount of Heroin, in violation of 21 U.S.C. § 841(a)(1).

8.   United States Sentencing Guideline Calculations:

The Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G." ) are advisory to this case and that the Court may consider the Defendant's applicable sentencing guideline range at the time of sentencing.

(a.) Base Offense Level:

The United States submits and will establish that the base offense level is calculated based on 5 grams of methamphetamine actual (Count 2), resulting in a base offense level of 37, in accordance with U.S.S.G. § 4B1.1, the guidelines for career offenders (page 389), and that the career offender provision applies because of the Defendant's prior drug trafficking convictions. (The United States filed an Information on December 23, 2010 (document number 44) alleging three prior drug trafficking convictions.)  Defendant is free to argue that the career offender provision does not apply.

(b.) Acceptance of Responsibility:

PLEA AGREEMENT - 5

1  If the Defendant pleads guilty and demonstrates a recognition and an affirmative
2  acceptance of personal responsibility for the criminal conduct; provides complete
3  and accurate information during the sentencing process; does not commit any
4  obstructive conduct; accepts this Plea Agreement; and provides a signed copy of
5  this plea agreement to the Court no later than January 25, 2012, the United States
6  will recommend a three level downward adjustment in the offense level for the
7  Defendant's timely acceptance of responsibility. The resulting total offense level
8  will be 34.

9      (c.)   Criminal History:

10  The United States maintains that the Defendant's criminal history category is
11  VI. U.S.S.G. § 4B1.1(b) (page 389).  (The United States and the Defendant
12  understand that the Defendant's criminal history computation ultimately will be
13  determined by the Court.)  The resulting Guidelines range of imprisonment is then
14  262-327 months. U.S.S.G. Sentencing Table.

15  9.   Departures:

16  The United States submits, and will establish, that the Defendant is a career
17  offender and that the Guidelines section 4B1.1 applies.

18  10.   Incarceration:

19  The parties agree that the Defendant will argue for a sentence below the
20  Guidelines sentencing range in accordance with the factors contained in 18 U.S.C.
21  § 3553(a), in order to obtain a sentence of imprisonment of not more than ten years,
22  the statutory mandatory minimum applicable in this case. The parties agree that the
23  United States will argue for a sentence at the low end of the U.S.S.G. range, which
24  the parties agree is 262-327 months of imprisonment.

25  11.   Criminal Fine:

26  The United States and the Defendant are free to make whatever
27  recommendation concerning the imposition of a criminal fine that they believe is
28  appropriate.

PLEA AGREEMENT - 6

12.    <u>Supervised Release</u>:

The United States and the Defendant agree to recommend that the Court impose an eight-year term of supervised release.

13.    <u>Mandatory Special Penalty Assessment</u>:

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

14.    <u>Additional Violations of Law Can Void Plea Agreement</u>:

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

15.    <u>Appeal Rights</u>:

Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court.  Defendant reserves his right to appeal the sentence the Court imposes (but not the judgment of conviction), including any restitution order.  Defendant further expressly waives his right to file any post-conviction motion attacking his conviction, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

16.    <u>Integration Clause</u>:

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant,

PLEA AGREEMENT - 7

1  and no other promises, agreements, or conditions exist between the United States
2  and the Defendant concerning the resolution of the case. This Plea Agreement is
3  binding only upon the United States Attorney's Office for the Eastern District of
4  Washington, and cannot bind other federal, state or local authorities. The United
5  States and the Defendant agree that this agreement cannot be modified except in a
6  writing that is signed by the United States and the Defendant.

7

8                            <u>Approvals and Signatures</u>

9     Agreed and submitted on behalf of the United States Attorney's Office for
10  the Eastern District of Washington.

11  Michael C. Ormsby
12  United States Attorney

13  _____     _____
14  Gregory M. Shogren                          Date
    Assistant U.S. Attorney

15

16

17     I have read this Plea Agreement and have carefully reviewed and discussed
18  every part of the agreement with my attorney. I understand and voluntarily enter
19  into this Plea Agreement. Furthermore, I have consulted with my attorney about
20  my rights, I understand those rights, and I am satisfied with the representation of
21  my attorney in this case. No other promises or inducements have been made to me,
22  other than those contained in this Plea Agreement and no one has threatened or
23  forced me in any way to enter into this Plea Agreement. I am agreeing to plead
24  guilty because I am guilty.

25

26  _____     _____
27  JAMES GERALD GARZA                      Date
    Defendant

28

PLEA AGREEMENT - 8

I have read the Plea Agreement and have discussed the contents of the agreement with my client.  The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties.  I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept the Defendant's plea of guilty.

_____          _____
Nicholas Marchi                                             Date
Attorney for the Defendant

PLEA AGREEMENT - 9