UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO: 2:10-CR-6069-RMP |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |
| JAMES GERALD GARZA, | |
| Defendant. | |

BEFORE THE COURT is Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, ECF No. 162. The Court has reviewed the motion and the record and is fully informed.

Defendant's pro se motion raises numerous related grounds to challenge his sentence as he argues that he was "double sentenced" and subject to various enhancements that should not have been applicable to his case. *See generally* Motion, ECF No. 162. Defendant relies on four separate grounds that reference "*Johnson v. United States*," "enhancements of 851 and 841," ineffective assistance of counsel, a memorandum from former U.S. Attorney General Eric Holder

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

regarding the "Policy on Charging Mandto [sic] mim. [sic] sentences," and the applicability of enhancements due to prior crimes of violence and playing a leadership role.[1] *See id.* Defendant's various arguments all relate to his assertion that "I was double sentenced and didn't have a crime of violence. [N]or played a leadership role, and got sentenced with enhancements of 851 and 841 [sic]. According to Johnson v. United States [sic]." *Id.* at 4.

On January 25, 2012, Defendant pleaded guilty to "Possession with Intent to Distribute 5 grams or more of a schedule II Controlled Substance, methamphetamine actual, in violation of 21 U.S.C. § 841(a)(1)." Plea Agreement at 1, ECF No. 117. "If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . ." 21 U.S.C. § 841(b)(1)(B)(viii). Defendant had three prior felony drug trafficking convictions, the most recent of which was

---

[1] An Amended Judgment was entered in Defendant's case on November 9, 2012. Amended Judgment, ECF No. 149. Although Defendant filed this motion within one year of the Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (June 26, 2015), that ruling does not support his motion. Defendant's other arguments that he includes in his motion, filed nearly four years after entry of Judgment (June 10, 2016), are time-barred pursuant to 28 U.S.C. § 2255(f).

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 2

committed in 2002. *See* Final Pre-Sentence Investigation Report at 33, ECF No. 134. Therefore, Defendant was subject to a statutory minimum sentence of 10 years, and he recognized that fact in his signed plea agreement. *See* Plea Agreement at 2, ECF No. 117.

Although the Court construes Defendant's pleadings liberally due to his pro se status, none of his arguments are applicable to his sentence. Defendant was not subject to any "career offender" enhancement, and no enhancements were given for crimes of violence or an alleged leadership role. *See* Final Pre-Sentence Investigation Report, ECF No. 134; *see also* Statement of Reasons, ECF No. 150. Instead, the Court departed downward from his then applicable Guideline range (130-162 months) to sentence Defendant to the absolute minimum sentence permissible by statute. *See* Statement of Reasons, ECF No. 150. The Court previously considered the facts to which Defendant pleaded guilty and granted his request for a downward departure in order to sentence Defendant ten months below his then applicable Guideline range. Therefore, Defendant's arguments that he was "double sentenced" or subject to enhancements are not only belied by the record, they also ignore the fact that Defendant's sentence was not based on his Guideline calculation, but rather on the applicable statutory minimum. Therefore, the Court has no basis to vacate, set aside, or correct Defendant's sentence.

An appeal of this Order may not be taken unless a circuit justice or judge issues a certificate of appealability (COA). 28 U.S.C. § 2253(c). The Court may

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 3

only issue a COA "if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. The Court has no basis to find that any reasonable jurist would resolve Defendant's constitutional claims differently. Therefore, no certificate of appealability shall issue.

Accordingly, **IT IS HEREBY ORDERED** that Defendant' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, **ECF No. 162**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** November 8, 2016.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge